UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In re: | BKY No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

_____

Adv. Case No.: 09-5042

Randall L. Seaver, Trustee,

    Plaintiff,

vs.                                                            **AMENDED ADVERSARY COMPLAINT**

Jacob Holdings of Ventanas LLC,
Jacob Properties of Minnesota LLC,
Wells Fargo Bank, Cornerstone Bank,
and Chrysler Financial Services Americas, LLC,

    Defendants.

_____

Randall L. Seaver, Trustee ("**Trustee**") of the bankruptcy estate of Dennis E. Hecker ("**Debtor**"), as and for his Complaint against Defendants Jacob Holdings of Ventanas, LLC ("**Ventanas**"), Jacob Properties of Minnesota LLC ("**JPM**"), Wells Fargo Bank ("**Wells Fargo**"), Cornerstone Bank ("**Cornerstone**"), and Chrysler Financial Services Americas, LLC ("**Chrysler**") (collectively, "**Defendants**") states and alleges as follows:

1.    The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2.    This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 Petition ("**Filing Date**").

3.    This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

5. Ventanas is owned by JPM, which is substantially owned or controlled by the Debtor.

6. Ventanas does not operate as a business, but simply nominally holds real estate for the benefit of the Debtor.

7. On information and belief, all of the costs of operation for Ventanas were funded by the Debtor, not its own operations.

8. Debtor has testified that the purpose of JPM and Ventanas, as well as other limited liability corporations owned by the Debtor, was to protect assets because of the terms of an antenupital agreement.

9. Ventanas is the owner of Unit 3103, Sur del Area Privativa Fase III del Paraiso, KM 19.5 Transp, San Jose del Cabo, Baja California Sur, 23400 (the "**Real Estate**"), a condominium on the Sea of Cortez at the Las Ventanas Al Paraiso resort.

10. Debtor has testified that the only purpose of Ventanas was to hold the Real Estate for Debtor.

11. Prior to April 29, 2009, the Real Estate was not subject to a mortgage or other encumbrance of any kind in favor of Wells Fargo or any other creditor or to secure the Loans or any other debt.

12. Wells Fargo extended credit to Debtor and Ventanas on or about December 10, 2007 in the amounts of (i) $1,000,000 and (ii) $550,000 (collectively, the "**Loans**").

13. On or about February 25, 2009, Ventanas and Debtor executed a Repayment and Forbearance Agreement (the "**Forbearance Agreement**") under which Wells Fargo agreed to forbear from enforcing its rights under the Loans against Debtor and Ventanas.

14. On or about April 29, 2009, in accordance with the terms of the Forbearance Agreement, Ventanas executed a Letter of Instructions by which Ventanas, acting in its capacity as beneficiary under the Trust ownership of the Real Estate, instructed its fiduciary delegate to grant a first priority mortgage (the "**Wells Fargo Mortgage**") against the Real Estate securing the amount of $651,330.29, which was the amount allegedly owing Defendant Wells Fargo under the Loans pursuant to the Forbearance Agreement. On information and belief, the Wells Fargo Mortgage was not recorded until after this bankruptcy was commenced, if at all. The grant of the Wells Fargo Mortgage is referred to as "**Transfer 1**."

15. At the time of Transfer 1, Debtor was insolvent.

16. At the first meeting of creditors held on July 15, 2009 (the "**Creditors Meeting**"), Debtor testified, with respect to all of his limited liability companies that, "[a]ll of the entities that I own were in LLCs because I had a premarital agreement over the period of time, everything that I acquired would be in the LLCs and my spouse wouldn't be – have any of the upside or any of the downside."

17. Debtor further testified at the Creditors Meeting that, with regard to who paid expenses related to the Real Estate, "[i]t was me through [Ventanas]."

18. Debtor further testified at the Creditors Meeting that, with regard to the Real Estate, "[t]here is no mortgage."

19. Ventanas is the alter ego of the Debtor in that it has no business purpose, was supported solely by the Debtor and existed solely to protect assets of the Debtor and, recognizing the separate corporate status would result in substantial unfairness to the creditors of this estate.

20. Debtor is simply dealing with his own property through Ventanas as absolutely as he might deal with it as an individual. As such, applying the corporate fiction would accomplish a fraudulent purpose, operate as a constructive fraud, and defeat strong equitable claims.

3

21. The Wells Fargo Mortgage constituting the Mortgage Transfer was not executed by an individual with property authority to affect the Mortgage Transfer in that the signator, Erik Dove, lacked proper authority to bind Ventanas.

22. The recording of the Wells Fargo Mortgage, if all, is "**Transfer 2**" (Transfer 1 and Transfer 2 are referred to herein as the "**Transfers**".)

23. Defendants Cornerstone and Chrysler claim to be secured creditors of Debtor and may claim a lien in Debtor's membership interest in Ventanas or JPM.

## COUNT I - DECLARATORY RELIEF

24. Plaintiff realleges the foregoing Paragraphs of his Adversary Complaint.

25. Plaintiff is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541 determining that:

    a. The Debtor and Ventanas are alter egos and that the assets of Ventanas were truly property of the estate at all times material herein;

    b. The corporate fiction of Ventanas should be disregarded for purposes of this bankruptcy case;

    c. That the signature(s) on the Wells Fargo Mortgage were either undertaken on an ultra vires basis (if the corporate formality were to be honored) or were ineffective to transfer an interest of the Debtor in the real estate; and,

    d. That the alleged liens of Cornerstone and Chrysler do not attach to the Real Estate.

## COUNT II – U.S.C. §548 (FRAUDULENT TRANSFER)

26. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

27. Pursuant to 11 U.S.C. §548, the Trustee seeks avoidance of Transfer 1 and recovery from Defendant Wells Fargo of Transfer 1 or to obtain a judgment in the amount of the value of Transfer 1, together with prejudgment interest.

### COUNT III – UNAUTHORIZED TRANSFER

28. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

29. The Trustee has, as of the commencement of this case, the rights and powers of a bona fide purchaser under 11 U.S.C. §544(a)(3).

30. The Trustee's interest in the Real Estate is prior and superior to any interest held by Defendants in the Real Estate since Transfer 2 did not occur, if at all, until after the commencement of the bankruptcy case.

31. Neither the Trustee nor the Court authorized Transfer 2.

32. Transfer 2 is avoidable pursuant to 11 U.S.C. §§544 and 549.

33. The Trustee is entitled to recover Transfer 2 or the value of Transfer 2 from Defendant Wells Fargo pursuant to 11 U.S.C. § 550.

### COUNT IV – FRAUDULENT TRANSFER AS TO PRESENT AND FUTURE CREDITORS BY CONSTRUCTIVE FRAUD, UNIFORM FRAUDULENT TRANSFER ACT (UFTA), MINN. STAT. §513.44(a)(2) (ALTERNATIVE)

34. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

35. Debtor personally funded the acquisition of the Real Estate in the name of Ventanas (the "**Funding**").

36. The Funding, and the titling of the Real Estate in the name of Ventanas, constituted transfers by Debtor to Ventanas without receiving a reasonably equivalent value in exchange for the Funding at a time when the Debtor was engaged in or was about to engage in a

5

business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction or when the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

37. Pursuant to Minn. Stat. §513.44(a)(2) (Uniform Fraudulent Transfer Act), made applicable to this proceeding by 11 U.S.C. §544, and pursuant to 11 U.S.C. §550, Trustee seeks recovery from Ventanas of the Funding and the Real Estate, plus prejudgment interest.

## COUNT V – FRAUDULENT TRANSFER AS TO PRESENT CREDITORS BY CONSTRUCTIVE FRAUD, UNIFORM FRAUDULENT TRANSFER ACT (UFTA), MINN. STAT. §513.45(a) (ALTERNATIVE)

38. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

39. Debtor made the Funding and placed title to the Real Estate in Ventanas without receiving a reasonably equivalent value in exchange for the Funding at a time when the Debtor was insolvent or the Debtor became insolvent as a result of the Funding.

40. Pursuant to Minn. Stat. §513.45(a) (Uniform Fraudulent Transfer Act), made applicable to this proceeding by 11 U.S.C. §544, and pursuant to 11 U.S.C. §550, the Trustee seeks recovery from Ventanas of the value of the Funding and the Real Estate, plus prejudgment interest.

## COUNT VI – U.S.C. §548 (FRAUDULENT TRANSFER) (ALTERNATIVE)

41. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

42. Pursuant to 11 U.S.C. §548, and 11 U.S.C. §550, the Trustee seeks avoidance of the Funding and the Real Estate from Debtor to Ventanas and recovery from Ventanas of the

6

Funding and Real Estate or a judgment in the amount of the value of said Funding and Real Estate, together with prejudgment interest.

## COUNT VII-ACTUAL FRAUD (ALTERNATIVE)

43. The Trustee restates and realleges all preceding paragraphs of the Complaint as though fully set forth herein.

44. Debtor's placing Ventanas in title for the Real Estate, as well as the Funding, was done by the Debtor with actual intent to hinder, delay or defraud his creditors.

45. Pursuant to 11 U.S.C. §548(a)(1)(A) and Minn. Stat. §513.44(a)(1) (made applicable by 11 U.S.C. §544, and 11 U.S.C. §550, the Trustee seeks avoidance of the transfer of the Funding and the Real Estate to Ventanas, or the recovery from Ventanas of the Funding and Real Estate, or a judgment in the amount of the value of said Funding and Real Estate, together with prejudgment interest.

## COUNT VIII-TURNOVER OF PROPERTY (ALTERNATIVE)

46. The Trustee restates and realleges all preceding paragraphs of the Complaint as though fully set forth herein.

47. The books and records of Ventanas evidence an obligation owed by it to Debtor in the amount of $1,004,405.09.

48. The Trustee is entitled to a judgment against Ventanas in the amount of $1,004,405.09.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order and Judgment against the Defendants as follows:

1. Pursuant to Count I, determining that: (a) the corporate fiction of Ventanas be disregarded and that Ventanas's assets are assets of this estate, (b) that Transfer 1 is ineffective as

7

lacking proper corporate authorization, and (c) that the alleged liens of Cornerstone and Chrysler do not attach to the Real Estate.

2.    For judgment under Count II and Count III, avoiding Transfer 2, ordering a recovery of Transfer 2 or the value thereof, and awarding a judgment in an amount to be proven at trial together with interest thereon.

3.    For judgment under Counts IV through VII, avoiding the transfers of the Real Estate and Funding, ordering recovery of the Real Estate and Funding from Ventanas, and awarding a judgment in an amount to be proven at trial together with interest thereon.

4.    On Count VIII, ordering that Ventanas turnover the amount owed by it to the Debtor, to the Trustee, and awarding the Trustee a Judgment against Ventanas for the value thereof;

5.    Such other relief as the Court deems just and equitable in the premises.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: October 1, 2009

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

409771

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:                                                    BKY No.:  09-50779

Dennis E. Hecker,                                         Chapter 7

           Debtor.
_____
                                                          Adv. Case No.:  09-5042
Randall L. Seaver, Trustee,

           Plaintiff,

vs.

Jacob Holdings of Ventanas LLC,
Jacob Properties of Minnesota LLC,
Wells Fargo Bank, Cornerstone Bank,
and Chrysler Financial Services Americas, LLC,

           Defendants.
_____

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2009, I caused the following documents:

    *Amended Complaint*

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

N/A

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage paid, to the following:

### SEE ATTACHED SERVICE LIST

                                    /e/  Stephanie Wood

Dated:  October 1, 2009                     _____
                                            Stephanie Wood
                                            100 South Fifth Street, Suite 2500
                                            Minneapolis, MN  55402
                                            (612) 332-1030

410066

**RANDALL L. SEAVER, TRUSTEE VS.
JACOB HOLDINGS OF VENTANAS LLC, ET AL.
ADV. NO. 09-5042**

# SERVICE LIST

Jacob Holdings of Ventanas LLC
Attn:  Officer or Managing Agent
500 Ford Road
Minneapolis, MN 55426

Jacob Properties of Minnesota
Attn:  Officer or Managing Agent
500 Ford Road
Minneapolis, MN 55426

Wells Fargo Bank
Attn:  Officer or Managing Agent
90 South Seventh Street
Minneapolis, MN 55402

Cornerstone Bank
Attn:  Officer or Managing Agent
2627 South University
Fargo, ND 58103

Chrysler Financial Services Americas, LLC
Attn:  Officer or Managing Agent
27777 Inkster Road
Farmington, MI 48334

409415