# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

**DENNIS E. HECKER**  Case No. 09-50779-RJK

      Debtor.  Chapter 7

_____

**RANDALL L. SEAVER,**

                                      ADV Pro. No. 09-05042

      Plaintiff,

vs.

**JACOB HOLDINGS OF VENTANAS, LLC
JACOB PROPERTIES OF MINNESOTA, LLC
WELLS FARGO BANK, CORNERSTONE
BANK, AND CHRYSLER FINANCIAL
SERVICES AMERICAS, LLC**,

      Defendants.

_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY**
_____

## INTRODUCTION

Debtor/Defendant Dennis Hecker ("Hecker"), an interested party in one or more of the named Defendants, moves to stay this Adversary Proceeding because the United States Attorney for the District of Minnesota has convened a Grand Jury to determine whether to issue a criminal indictment against the Hecker based on allegations of wrongdoing involving Chrysler Financial Services Americas

1

LLC ("Chrysler Financial"), Hecker's business operations, and Hecker generally -- all of which Hecker denies.  Hecker has concurrently moved for a stay in the Chrysler Financial pending Adversary Proceeding, as well as all of the pending adversarial proceedings.

## STATEMENT OF FACTS

1. **The U.S. Attorney for the District of Minnesota has Convened a Grand Jury to Review The Allegations of Wrongdoing Involving Chrysler Financial, Hecker's Business Operations and Hecker Generally.**

It is common knowledge from the news media, and specifically documented in the pending Chrysler Financial Adversary Proceeding motion papers for stay that Hecker is being investigated by the U.S. Attorney for the District of Minnesota and that it has convened a Grand Jury.  As part of its overall investigations, the U.S. Attorney has issued subpoenas relating to all of Hecker's business entities and various third parties with whom they conducted business.  Moreover, all of Defendant Hecker's business records were confiscated by the authorities.  Defendant Hecker denies any wrongdoing and has retained separate counsel to address the pending investigations.

2. **Several Other Creditors of Hecker Have Filed Adversary Proceedings Against Hecker Making Allegations of Fraud and Seeking To Have Over $100,000,000 in Debt Declared Non-Dischargeable.**

There currently exist no less than eight filed Adversary Proceedings in this bankruptcy case against Hecker by Hecker creditors [excluding the pending Adversary Proceeding by Chrysler Financial in the amount of approximately

2

$67,995,000.00] alleging Hecker engaged in fraud and seeking to have over $100,000,000 in debt declared non-dischargeable under 11 U.S.C. §523: (i) *U.S. Bank, N.A. v. Hecker,* Adversary No. 09-05040 filed September 14, 2009 (seeking a non-dischargeability determination on $11,000,000 in debt); (ii) *Hyundai Capital America v. Hecker,* Adversary No. 09-05041 filed September 14, 2009 (seeking a non-dischargeability determination on $20,000,000 in debt); (iii) *Cornerstone Bank, et al v. Hecker,* Adversary No. 09-05035 filed September 10, 2009 (seeking a non-dischargeability determination on $12,743,733 in debt); (iv) *Vision Bank v. Hecker,* Adversary No. 09-05037 filed September 14, 2009 (seeking a non-dischargeability determination on $7,122,744 in debt); (v) *Alliance Bank v. Hecker,* Adversary No. 09-05038 filed September 14, 2009 (seeking a non-dischargeability determination on $5,247,445 in debt); (vi) *Gelco Corporation v. Hecker,* Adversary No. 09-05039 filed September 14, 2009 (seeking a non-dischargeability determination on $12,380,049 in debt); (vii) *Carlton Financial Corporation v. Hecker*, Adversary No. 09--5036 filed September 14, 2009 (seeking a non-dischargeability determination on $8,024,226 in debt);  and (viii) *Randall L. Seaver, Trustee v. Jacob Holdings of Ventanas, LLC  et al*, Adversary No. 09-05042  filed on or about September 16, 2009 (seeking a non-dischargeability determination on $1,550,000 in debt and attempting to pierce the corporate veil in part).  Additionally, there are no less than two other Complaints of record filed by the Trustee challenging various transactions.

As a result of the U.S. Attorney for the District of Minnesota convening a Grand Jury to investigate the allegations contained in Chrysler Financial's Complaint, as well as the other Adversary Proceedings filed against Hecker in the last several weeks seeking to obtain declarations that over $100,000,000 in Hecker's debt is non-dischargeable, Hecker moves that this Court stay this Adversary Proceeding in order that Hecker can fully and effectively exercise his rights under the U.S. Constitution including, but not limited to, his rights under the Fifth Amendment.

## LEGAL ANALYSIS

### A. **A Stay is Necessary To Preserve Hecker's Fifth Amendment Rights**.

This Bankruptcy Court has the discretion to stay this Adversary Proceeding as a result of the Grand Jury investigation the U.S. Attorney initiated to seek an indictment against Hecker based on the allegations of wrongdoing involving Chrysler Financial and other third parties with whom he conducted business including, but not limited to, Plaintiff. *Amsave Credit Corporation v. Marceca (In re Marceca)*, 131 B.R. 774, 778 (Bkrtcy.S.D.N.Y. 1991).

In *Amsave Credit,* the Bankruptcy Court for the Southern District of New York granted a stay in an adversary proceeding even though the *Amsave Credit* debtor had not yet been indicted. In its opinion, the *Amsave Credit* Court specifically addressed the dilemma and difficulty a debtor faces who is both the defendant in a non-dischargeability action under 11 U.S.C. §523 based on allegations of fraud and the target of a grand jury investigation arising out of the

4

fraud allegations. More specifically, the *Amsave Credit* Court discussed how a debtor facing a non-dischargeability adversary proceeding under 11 U.S.C. §523 based on allegations of fraud is different from a defendant in a civil action because of the civil defendant's ability to file bankruptcy and discharge civil judgments:

> A pre-indictment stay of an adversary proceeding objecting to a debtor's discharge in bankruptcy is especially appropriate. In a nonbankruptcy civil action, a defendant might have to risk civil liability in order to protect exposure to criminal punishment. However, an individual debtor in a bankruptcy case, who is also a target of a criminal investigation, might be required to relinquish a fifth amendment privilege against self-incrimination in order to avoid losing a discharge in bankruptcy which would expose the debtor to continuing liability to all prepetition creditors.

*Amsave Credit*, 131 B.R. at 778.

As set forth below, the Eighth Circuit grants this Court the discretion to issue a stay in this Adversary Proceeding based on the U.S. Attorney convening a Grand Jury investigation to determine whether to issue a criminal indictment based on the allegations contained in various Adversary Proceedings of record including, but not limited to that of Chrysler Financial.

B. **The Eight Circuit Has Specifically Recognized This Court's Authority to Grant A Stay To Preserve Hecker's Fifth Amendment Rights.**

The Eighth Circuit has specifically held that while bankruptcy courts of the Eighth Circuit have no affirmative obligation to stay proceedings in the face of parallel criminal proceedings, such relief may be granted under the broad equitable powers granted to courts under 11 U.S.C. §105. *In re Hale*, 980 F.2d 1176, 1178 (8th. Cir. 1992). Courts in other circuits also recognize the authority of district courts and bankruptcy courts to stay civil proceedings when a parallel criminal

5

proceeding is pending or threatened arising out of the same facts as the civil or bankruptcy proceeding applying either a five factor or six factor test. *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6 (D. Conn. 2002) (granting stay)(2nd Circuit)(applying five factor test); *Doe v. City of Chicago*, 360 F. Supp. 2d 880 (N.D. Ill. 2005)(granting stay)(7th Circuit)(applying six factor test). Although the Eighth Circuit has not specifically adopted either the five factor or six factor test, the facts surrounding this Motion meet either test.

   1. **The Five Factor Test Favors a Stay.**

The five factor test requires to Court to weigh five competing interests in determining whether to issue the stay:

   (a)   the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

   (b)   the burden which any particular aspect of the proceedings may impose on defendants;

   (c)   the convenience of the court in the management of its cases, and the efficient use of judicial resources;

   (d)   the interests of persons not parties to the civil litigation; and,

   (e)   the interest of the public in the pending civil and criminal litigation.

*Keating v. OTS,* 45 F.3d 322, 324 (9th Cir.1995). *See also White v. Mapco Gas Products, Inc.*, 116 F.R.D. 498, 502 (E.D.Ark. 1987).

District Courts in the Eighth Circuit have used the five factor test, but the Eighth Circuit has not yet addressed the issue of which test is most appropriate. *White v. Mapco Gas Products, Inc.*, 116 F.R.D. 498, 502 (E.D.Ark. 1987).

6

In applying the five factors, these courts hold that courts "must be given serious consideration" in the balancing of interests the implication of the right against self-incrimination under the Fifth Amendment. *Brock v. Tolkow,* 109 F.R.D. 116 (E.D.N.Y.1985). The existence of a real and appreciable risk of self-incrimination is at the core of the Court's inquiry. *Wehling v. C.B.S.*, 608 F.2d 1084, 1088-89 (5th Cir. 1979); *U.S. v. Koredel*, 397 U.S. 1 (1970); *Brumfield v. Shelton*, 727 F.Supp. 282, 283 (E.D. La. 1989).

With respect to the first factor, Plaintiff has a right to expeditious resolution of its claims against Defendant Hecker.  However, this right is not absolute, and should be trumped by the pending criminal investigation. *Bridgeport Harbour Place I, LLC v. Ganim,* 269 F.Supp.2d 6, 8 (D.Conn.2002).  Plaintiff has no urgent need to proceed with this adversary proceeding.  There is no deadline for Plaintiff to collect from Hecker.  This is a simple monetary damages case.  Plaintiff faces no appreciable prejudice from the potential delay of this Adversary Proceeding. Hecker recently filed for protection under the jurisdiction of this Court. Hecker is bankrupt and almost 60 years old.  It is doubtful that Hecker would ever be able to earn sufficient income after taxes to satisfy a non-dischargeability determination in this case, assuming Plaintiff is successful.  Delay will not affect Plaintiff's ability to collect from Hecker in any way.

In fact, the Grand Jury investigation may be beneficial to Plaintiff.  The investigation could reveal new issues, streamline the discovery process, or solidify the parties' settlement positions, if any. *Bridgeport Harbour Place I, LLC v.*

7

*Ganim*, 269 F.Supp.2d 6, 9 (D.Conn. 2002).  Plaintiff would not be prejudiced by a stay of this Adversary Proceeding.

Conversely, with respect to the second factor, allowing this Adversary Proceeding to advance simultaneously with the Grand Jury investigation is exceptionally prejudicial to Hecker.  The ongoing Grand Jury investigation into the allegations contained in various Adversary Complaints forces Hecker to face a classic "Hobson's Choice."  If Hecker testifies in his own defense in the Adversary Proceeding, Hecker must waive his Fifth Amendment privilege against self-incrimination.  If Hecker exercises his Fifth Amendment right against self-incrimination and refuses to testify, the exercise of Fifth Amendment rights could potentially be held against him in this Adversary Proceeding by this Bankruptcy Court.

The prevailing rule is that the Fifth Amendment does not ordinarily forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. *See, e.g. Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 (1976); *Lefkowitz v. Cunningham,* 431 U.S. 801, 808, n. 5(1977); *Mitchell v. U.S.*, 526 U.S. 314, 328 (1999).

Plaintiff's claims against Hecker are for (1) declaratory relief consisting of asking the Court to conclude various corporate entities to be alter egos, thereby impacting directly the liens of record by Chrysler Financial and Cornerstone; (2) alleged fraudulent transfers; and (3) the existence of an alleged unauthorized transfer.  These claims against Hecker directly implicate Hecker's intent and

8

knowledge. Hecker's testimony will be vital to his defense. Hecker's knowledge of the validity of certain documents, or Hecker's intent in making certain representations to various third parties, or in the handling of various transactions can best be established only through Hecker's testimony. If Hecker is inhibited from testifying on his own behalf, his defense to Plaintiff's claims will be significantly hampered.

Also, there are currently several other Adversary Proceedings against Hecker, including the above captioned Adversary Proceeding, seeking that Hecker's debts totaling over $170,000,000 be declared non-dischargeable. If all of these Adversary Proceedings continue, Hecker may be forced to choose between fully defending himself in these Adversary Proceedings in order to avoid non-dischargeable debts of over $170,000,000.00 or spending his resources defending himself against potential criminal felony charges arising out of the same facts alleged in this Adversary Proceeding.

With respect to the final three factors, these three factors have limited applicability to this Court's inquiry in this Motion; however, to the extent they are useful, these factors support Hecker's position. A stay of this Adversary Proceeding is in the Court's interest because it may streamline discovery in the adversary proceeding. *Bridgeport Harbour Place I, LLC,* 269 F.Supp.2d at 9. The outcome of the criminal investigation could clarify the parties' positions and make a settlement agreement more likely. Further, this Court will not be forced to deal with the possible complications of continual Fifth Amendment issues. Staying this

Adversary Proceeding until the conclusion of the criminal investigation could greatly simplify the Adversary Proceeding.

With respect to third parties, a stay of this Adversary Proceeding will not affect the rights of creditors not party to this Adversary Proceeding. However, discovery in this Adversary Proceeding could impede the United States' criminal investigation. Further, discovery could touch on the Fifth Amendment rights of third parties who are not parties to this Adversary Proceeding, but who may be targets of the Grand Jury investigation. *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 532 (S.D.W.Va. 2005). This factor also favors a stay.

Finally, the public has no real interest in this Adversary Proceeding. Plaintiff is a Trustee subject to the supervision of this Court and is not protecting the rights of the public. However, the public has a very real interest in the resolution of the criminal investigation. It is in the public interest to allow the criminal investigation to proceed. Courts have generally found that it is in the public interest to stay civil proceedings in order to allow investigation into potential criminal liability. *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 532 (S.D.W.Va. 2005). This factor favors a stay.

Based on the five-factor test, this Adversary Proceeding against Hecker must be stayed pending the resolution of the Grand Jury investigation into the facts alleged in Plaintiff's Adversary Complaint. This is especially true as courts have ruled that the most important factor to consider is the risk of self-incrimination to the debtor/defendant. Because this Adversary Proceeding

concerns the same facts as are presently being investigated by the grand jury, civil discovery will necessarily implicate Hecker's Fifth Amendment rights. Hecker may be faced with the "Hobson's Choice" to exercise his Fifth Amendment right to be free from self-incrimination by refusing to testify in this Adversary Proceeding, including in discovery, and thus accept the adverse inferences that follow, or to not exercise his Fifth Amendment rights and risk any adverse inferences or evidence which could arise in any criminal proceeding.

### 2. The Six Factor Test Also Favors a Stay.

If this Court instead prefers the six factor test used by some federal courts, Hecker is still entitled to a stay of this Adversary Proceeding. The six factor test balances the following factors:

(a) the extent to which the issues in the civil and criminal cases overlap;

(b) the status of the criminal proceedings, including whether any defendants have been indicted;

(c) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay;

(d) the burden on the defendants;

(e) the interests of the court; and

(f) the public interest.

*Walsh Securities, Inc. v. Cristo Prop. Mgmt. Ltd.,* 7 F.Supp.2d 523 (D.N.J.1998) (citing *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc. .,* 886 F.Supp. 1134, 1138 (S.D.N.Y.1995).

11

Under the six factor test, the first factor is the most important. *Walsh Securities*, at 527. When the same facts are at issue in the criminal investigation and the civil proceeding, not only are the defendant's Fifth Amendment rights implicated, but there is a risk that civil discovery will be used to circumvent criminal discovery limitations. *See S.E.C. v. Chestman,* 861 F.2d 49, 50 (2d Cir.1988).

The second factor also favors Hecker's position. The fact that no criminal indictment is pending is not relevant. A "pre-indictment stay of an adversary proceeding objecting to a debtor's discharge in bankruptcy is especially appropriate." *Amsave Credit Corporation v. Marceca (In re Marceca)*, 131 B.R. 774, 778 (Bkrtcy.S.D.N.Y. 1991); *U.S. v. Certain Parcel of Land, Moultonboro,* 781 F.Supp. 830 (D.N.H.1992); *U.S. v. Certain Real Property,* 751 F.Supp. 1060 (E.D.N.Y.1989); *Brock,* 109 F.R.D. 116. The Second Circuit has ruled that a district court exercised sound discretion by staying a civil trial until the United States Attorney declined to prosecute, and then proceeding with the trial thereafter. *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir.1986).

Further, "prejudice to the debtor's fifth amendment rights is more acute in the bankruptcy context because of the liberality of discovery procedures in civil litigation as contrasted with the limited discovery allowable under the Federal Rules of Criminal Procedure." *Amsave Credit Corporation v. Marceca (In re Marceca)*, 131 B.R. 774, 778*, citing In re Ahead By A Length, Inc.,* 78 B.R. 708 (Bankr.S.D.N.Y.1987). Although no indictments have resulted from the U.S.

12

Attorney's Grand Jury investigation of Hecker, the Grand Jury is investigating the same factual transactions that form the basis of various pending Adversary Complaints. Thus, the status of the Grand Jury investigation also supports Hecker's position.

With respect to the third factor, as set forth above, Plaintiff faces no particular injury from delay. Courts have ruled that generalized harm from a delay in receiving relief is not enough to establish prejudice to Plaintiff. Rather, Plaintiff must show some unique harm. *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523, 528 (D.N.J. 1998). The unique harm generally includes "the dissipation of assets or an attempt to gain an unfair advantage from the stay." *In re Adelphia Communications Securities Litigation*, 2003 WL 22358819, 4 (E.D.Pa. 2003). In this case, Plaintiff cannot show any unique harm. There is no possibility that Hecker's assets will be allowed to dissipate since he is currently under this Court's jurisdiction and there are no facts suggesting that Hecker is attempting to gain any unfair advantage from the requested stay. Plaintiff will not be prejudiced by the delay.

Conversely, under the fourth factor, Defendant Hecker faces a significant burden if this Adversary Proceeding goes forward parallel to the criminal investigation. Hecker may be hindered in his ability to assert his Fifth Amendment privileges. The charges against Hecker involve Hecker's intent. If Hecker does not testify to his intent on the basis of Fifth Amendment privilege, his silence may be held against him by this Court. Hecker's testimony is essential to

establishing Hecker's defenses to Plaintiff's claims in the Adversary Complaint. Further, Hecker will be forced to reveal his criminal defense strategies during participation in the adversary proceeding, which would be an unfair advantage to the prosecution. Hecker should not be faced with the potential burden of deciding whether to put on an inadequate defense in either the adversary or criminal proceeding.

Under the fifth factor, the Court also has an interest in promoting judicial efficiency. A stay allows the Court to efficiently manage its caseload. If this Court grants the stay, the Court will not be required to deal with Hecker's privilege objections during the adversary proceedings, and the outcome of the criminal investigation could encourage a settlement. Staying this Adversary Proceeding would preserve judicial resources, and streamline the issues of the case. *Walsh Securities,* 7 F.Supp.2d at 528. This factor weighs in favor of a stay.

Finally, under the sixth factor, the public's interest will be better served if the issues are litigated in only one proceeding, in the criminal process. Any interest the public has in punishing fraud will be better protected in a criminal proceeding. *Volmar Distribs., Inc. v. New York Post Co., Inc.,* 152 F.R.D. 36, 40 (S.D.N.Y.1993) (citing *Brock v. Tolkow,* 109 F.R.D. 116, 121 (E.D.N.Y.1985). The public also has an interest in ensuring the criminal discovery process is not subverted. *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F.Supp.2d 6, 10 (D.Conn. 2002)  This factor militates in favor of staying the proceeding.

The six factor test, just like the five factor test, uses various factors to attempt to balance the equities. The prejudice to Hecker of parallel adversary and criminal proceedings continuing is great. Hecker could be forced to disclose his criminal litigation strategies to the prosecution before he is ready. Further, by testifying as to his intent, Hecker would waive his Fifth Amendment right to be free from self-incrimination. In short, if this Adversary Proceeding is not stayed, Hecker may be forced to choose between defending himself in the criminal proceeding and defending himself in this Adversary Proceeding. This is unfair to Defendant Hecker. Plaintiff will not be prejudiced by a delay. Under both tests currently in use in the federal circuits, a stay of this Adversary Proceeding is in the interests of justice.

## CONCLUSION

Based on the foregoing, Debtor Hecker is entitled to a stay of this Adversary Proceeding in order to preserve and protect his Fifth Amendment Rights and related rights that are triggered by the pending and ongoing investigations by the U.S. Attorney General.

Respectfully submitted,


Dated: October 7, 2009                    **SKOLNICK & SHIFF, P.A.**

/e/ LuAnn M. Petricka
William R. Skolnick #137182
LuAnn M. Petricka #18505X
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600

wskolnick@skolnick-shiff.com
petricka@visi.com

**ATTORNEYS FOR DENNIS E. HECKER**