# LEONARD, O'BRIEN
# SPENCER, GALE & SAYRE

Thomas W. Newcome**
Brian F. Leonard+
Eldon J. Spencer, Jr.+
Michael R. O'Brien‡
Edward W. Gale†
Grover C. Sayre, III+◇
Thomas W. Newcome III*
Michelle McQuarrie Colton
Joseph J. Deuhs, Jr.
Thomas C. Atmore +
Ernest F. Peake
Matthew R. Burton◇
James M. Jorissen+
Peter J. Sajevic, III▫
Jennifer K. Eggers+§

Attorneys at Law
A Professional Association

100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402-1234
Telephone (612) 332-1030
Fax (612) 332-2740

Internet: www.losgs.com

Andrea M. Hauser✸
Scott S. Payzant∞
Jordan W. Sayre
Patrick J. Lindmark
Andrew J. Budish

Of Counsel
   George B. Ingebrand, Jr.

▫ Also admitted in Arizona
∞ Also admitted in California
✸ Also admitted in Illinois
◇ Also admitted in Iowa
§ Also admitted in Montana
+ Also admitted in Wisconsin
† Board Certified Civil Trial Specialist
   (Minnesota State Bar Association and
   National Board of Trial Advocacy)
* Certified Real Property Law Specialist
   (Minnesota State Bar Association)
‡ Qualified Neutral (Rule 114)
** Retired Status

April 9, 2010

Honorable Robert J. Kressel
United States Bankruptcy Judge
300 South Fourth Street
Minneapolis, MN 55415

Re:   *Randall L. Seaver v. Jacob Holdings of Ventanas, LLC, et al.*
      **Adv. No. 09-5042**
      *In re Dennis E. Hecker*
      **Bky. No. 09-50779**

Dear Judge Kressel:

As you know, we represent Randall L. Seaver, Chapter 7 Trustee for the estate of Dennis. E. Hecker (the "Trustee"). I write to provide some additional background detail related to the Stipulation to Extend Trial Date filed today in *Randall L. Seaver v. Jacob Holdings of Ventanas, LLC, et al.*, Adv. No. 09-5042 (the "Adversary Proceeding"), and the parties' attendant request that the Court move the trial date back 120 days.

The Trustee commenced the Adversary Proceeding in September 2009, seeking to avoid the interest of Wells Fargo Bank National Association ("Wells Fargo") and others in a luxury condominium located in San Jose del Cabo, Baja California Sur, Mexico. Subsequent to the commencement of the Adversary Proceeding, a number of things have occurred which the Trustee believes provide good cause to delay the trial in these proceedings for the requested 120-day period.

As an initial matter, after the exchange of extensive written discovery between the Trustee and Wells Fargo, the parties embarked on settlement negotiations. The negotiations bore fruit, and the Trustee has today filed a motion to approve a Settlement Agreement with Wells Fargo that, if approved, will likely result in a substantial return to the estate.

Among other things, the Settlement Agreement contemplates that the property be sold, that Wells Fargo be paid a set amount equal to its allowed secured claim, and that Wells Fargo thereafter remit a sum certain to the estate as consideration for the Trustee's settlement of the pending avoidance claims. The estate and other parties to the Adversary Proceeding would further retain their respective interests in any proceeds in excess of the Wells Fargo claim

derived from the sale. To facilitate the sale, the Trustee has today filed in the main case an Application to approve the employment of a listing agent to market and sell the property. Obviously, the quantum of excess proceeds would be a large factor in any ensuing settlement negotiations between the parties.

The Trustee believes that claims against Cornerstone Bank exist. The Trustee has initiated a dialogue with Cornerstone Bank aimed at the resolution of such claims and believes that the requested deferral of the trial date makes sense for at least two reasons. First, delay of the trial date will provide some time for meaningful settlement negotiations to take place. Second, it will provide sufficient time for the Trustee to initiate and pursue the estate's avoidance claims in a separate adversary if negotiations do not pan out.

In sum, the Trustee believes that delaying the trial date for a period of 120 days is in the best interests of the parties and the estate, and may well result in a substantial savings to the estate if the claims of the parties can be resolved in the interim. Accordingly, the Trustee respectfully requests that the Court approve the Stipulation.

Thank you for your consideration of this matter.

Very truly yours,

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

By
Matthew R. Burton
Email: mburton@losgs.com

cc: All parties
419895